UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

HK CENTRAL BLOCK LIMITED      )
PARTNERSHIP,                  )
                              )
        Plaintiff,            )
                              )
    v.                        )      Case No. 2:23-cv-160
                              )
LUBRIZOL CORPORATION,         )
LUBRIZOL ADVANCED MATERIALS,  )
INC., and JOHNSON CONTROLS,   )
INC. d/b/a TYCO FIRE          )
PRODUCTS,                     )
                              )
        Defendants.           )

## OPINION AND ORDER

Pending before the Court is a motion to compel compliance with a subpoena served by Defendants Lubrizol Corporation and Lubrizol Advanced Materials, Inc. ("Defendants") upon a third-party insurance company. The subpoena was served in Georgia. For reasons set forth below, the Court finds that the motion was improperly filed in this District.

On December 15, 2025, Defendants issued a subpoena *duces tecum* to non-party Westchester Surplus Insurance Company ("Westchester") commanding the production of records relating to Plaintiff's insurance claim. The subpoena was served on Westchester's registered agent in Lawrenceville, Georgia. Defendants report that, to date, Westchester has not produced

any documents in response to the subpoena. They have therefore moved to compel compliance.

Federal Rule of Civil Procedure 45 requires that a motion to compel compliance with a third-party subpoena be brought in the "district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection"). "Courts in the Second Circuit tend to hold that compliance occurs at the residence of the non-party." *Marshall Project, Inc. v. City of Cleveland*, No. 24 Misc. 309, 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024) (collecting cases); *see also Dellaportas v. Shahin*, No. 24-CV-793 (VM) (VF), 2025 WL 3019810, at *1 (S.D.N.Y. Oct. 29, 2025), *adhered to on reconsideration*, No. 24-CV-793 (VM) (VF), 2025 WL 3456400 (S.D.N.Y. Dec. 2, 2025) ("[N]ot only is Microsoft headquartered in the Western District of Washington, but the employees who would be responsible for searching and producing information responsive to Plaintiff's subpoena are in the Western District of Washington. Accordingly, any motion to compel Microsoft's compliance with the subpoena should be heard in the Western District of Washington.").

The record before the Court does not show that Westchester is located or headquartered in Vermont, or that Westchester is otherwise within this Court's Rule 45 jurisdiction. *See*

2

*Shopnomix, LLC v. Ganti*, No. 25-CV-8403 (ALC) (KHP), 2026 WL 2086278, at *1 (S.D.N.Y. July 20, 2026) ("compliance is required at or within 100 miles of the entity's headquarters or principal place of business – not at a location unilaterally designated by the subpoenaing party"). The motion to compel (ECF No. 145) is therefore **denied** without prejudice to re-filing in the appropriate judicial district.

DATED at Burlington, in the District of Vermont, this 11th day of August 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge