UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| HK CENTRAL BLOCK LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>LUBRIZOL CORPORATION, LUBRIZOL ADVANCED MATERIALS, INC., and JOHNSON CONTROLS, INC. d/b/a TYCO FIRE PRODUCTS,<br><br>Defendants. | ) | Case No. 2:23-cv-160 |

**OPINION AND ORDER**

This case arises out of cracked sprinkler pipes at a large residential development in Winooski, Vermont. Plaintiff HK Central Block Limited Partnership ("HallKeen"), owner of the development, reportedly replaced the sprinkler system and is seeking damages from Defendants. Pending before the Court is HallKeen's motion to amend the Second Amended Complaint ("SAC") to add Tyco Fire Products LP ("Tyco") and Johnson Controls International plc ("JCI International") as Defendants. HallKeen previously named Tyco Fire Products as the business name ("d/b/a") for Defendant Johnson Controls, Inc. ("JCI"), and claims JCI only recently revealed that Tyco LP is a separate legal entity with JCI International as its parent. For reasons set forth below, the motion to amend is granted.

## Factual Background

HallKeen owns a development known as Keen's Crossing, which is comprised of 213 apartments in four different buildings. Keen's Crossing contained a sprinkler system constructed with BlazeMaster pipe, a type of chlorinated polyvinyl chloride ("CPVC") pipe developed and/or sold by Defendants Lubrizol Corporation, Lubrizol Advanced Materials, Inc., JCI, and Tyco Fire Products. The SAC alleges that Defendants are responsible for cracked pipes that resulted in significant water damage to the housing units, common areas, electrical systems, and elevator systems at Keen's Crossing.

HallKeen filed suit in state court on May 22, 2023. Defendants subsequently removed the case to this Court. HallKeen filed its SAC on January 23, 2024, alleging in part that "Johnson Controls, Inc. d/b/a Tyco Fire Products ('Tyco') is a Delaware corporation. Tyco sells Blazemaster pipe under a license from Lubrizol." ECF No. 52 at 2. In response, JCI denied that it is a Delaware corporation, alleged that it is instead a Wisconsin corporation, and admitted that "Tyco Fire Products LP manufactures Blazemaster pipe using materials licensed from Lubrizol." ECF No. 53 at 2.

On April 3, 2024, JCI served HallKeen with interrogatories and requests for production of documents, stating in the first sentence that the discovery was propounded by "Johnson Controls,

Inc., improperly named as Johnson Controls, Inc. d/b/a Tyco Fire Products." ECF Nos. 152-1 at 1, 152-3 at 1-2. Subsequent discovery documents served by JCI, beginning on June 17, 2024 and continuing through 2025 and early 2026, included that same statement. ECF No. 152-1 at 1-2, 152-3 at 4-8.

Pursuant to the most recent scheduling order, the deadline for joinder of additional parties and amendment of the pleadings was October 24, 2024. ECF No. 128 at 2. HallKeen claims that it was not made aware that additional parties were necessary until April 2026. On April 27, 2026, JCI responded to HallKeen's Rule 30(b)(5) and Rule 30(b)(6) deposition notice as follows:

> Plaintiff defines "Tyco" to mean "Johnson Controls d/b/a/ Tyco Fire Products." This definition is inaccurate. JCI does not do business as Tyco Fire Products. JCI and Tyco Fire Products LP are separate entities.
>
> It is a matter of public record that, in 2016, Johnson Controls, Inc. and Tyco International plc merged to form Johnson Controls International plc. JCI is a Wisconsin Corporation with a principal place of business at 5757 N. Green Bay Ave., Milwaukee, Wisconsin. It is in the business of building controls. Tyco Fire Products LP is a Delaware Limited Partnership with a principal place of business at 1467 Elmwood Avenue, Cranston, Rhode Island. It is in the business of manufacturing fire suppression products.
>
> JCI is an indirect wholly owned subsidiary of Johnson Controls International plc. Tyco Fire Products LP is also an indirect wholly owned subsidiary of Johnson Controls International plc. JCI is not a direct or indirect parent or child legal entity in relation to Tyco Fire Products LP.

> As plead in JCI's Answer to Plaintiff's Second Amended Complaint, Tyco Fire Products LP manufactured Blazemaster pipe. ECF 53 at ¶¶ 6, 12. JCI[] does not and has never manufactured Blazemaster CPVC pipe.

ECF No. 147-3 at 1-2. HallKeen also notes that JCI's attorneys have, to date, signed filings as counsel for Johnson Controls, Inc. d/b/a Tyco Fire Products, and that the same law firm has appeared on behalf of Tyco in several recent lawsuits.

On May 29, 2026, HallKeen filed the pending motion to amend the SAC to add Tyco and JCI International (the parent company of both JCI and Tyco) as parties.

## Discussion

HallKeen submits its motion pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(c) states that an amendment relates back to the initial complaint if it "changes the party or the naming of the party against whom a claim is asserted" if that party "(i) received such notice of the action that it will not be prejudiced in defending on the merits," and "(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Rule 21 states that "on motion or on its own, the court may at any time, on just terms, add" a party. Fed. R. Civ. P. 21.

JCI asks the Court to apply Federal Rule of Civil Procedure 16, which provides that deadlines in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as in this case, a plaintiff moves to amend the complaint after the deadline set by the scheduling order, the "lenient standard" in Rule 15 must be "balanced against" Rule 16(b)(4)'s requirement that "a scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotation omitted).

When determining "good cause," "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Diligence "is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.* Courts have held that "in appropriate circumstances, a district court has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D.

170, 176 (S.D.N.Y. 2014); *see also Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 365 (S.D.N.Y. 2020).

With respect to the question of diligence, the Court must determine whether "the proposed amendment is based on information that the [moving] party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free School District*, No. 12 CV 1482, 2014 WL 795576, at *2 (E.D.N.Y. Feb. 27, 2014). The facts of this case present a close question. JCI noted in its earliest pleadings that Tyco is its own entity. JCI also alerted HallKeen during discovery that identifying Tyco as a "d/b/a" for JCI was inaccurate. It was not until much later in the case, however, that JCI fully disclosed JCI International as the parent of both JCI and Tyco, and that JCI and Tyco are not related entities. Soon thereafter, HallKeen moved for leave to add JCI International and to sue Tyco as a limited partnership rather than a "d/b/a."

The Court finds, in the exercise of its discretion under Rule 16(b), that HallKeen has demonstrated sufficient diligence. HallKeen named the parties it believed to be responsible for the alleged harm. Although JCI initially noted inaccuracies in the pleadings, it did not identify the parent company that might bear ultimate financial responsibility. When alerted to the true identities of the relevant parties, including the role of JCI

International as the parent company, HallKeen moved swiftly to amend its pleadings.

The Court also finds Defendants will not be significantly prejudiced by the amendment. *See Kassner*, 496 F.3d at 244. JCI acknowledges that the recently-identified parties have existed in their current configuration – with JCI International as parent to JCI and Tyco – since 2016. The record also indicates that attorneys currently representing JCI have represented Tyco in recent litigation. Consequently, JCI and its agents/attorneys were likely aware of HallKeen's error in identifying Tyco as a "d/b/a" and, perhaps more significantly, of the omission of JCI International, long before the deadline to amend the pleadings. JCI thus cannot reasonably claim that it was unaware of the need to amend.

As HallKeen properly argues, the underlying facts of this case remain the same. The attorneys will also reportedly remain substantially the same. The only changes are the addition of "LP" to Tyco's name, and naming JCI International as the parent corporation.

With respect to relation back to the initial Complaint, the United States Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." *Krupski v. Costa*

*Crociere S.p.A.*, 560 U.S. 538, 541 (2010). In *Krupski*, the plaintiff mistakenly sued the wrong corporation and sought to correct that mistake by substituting the correct corporation as defendant. *Id.* at 543-44. "The Supreme Court determined that the plaintiff's proposed amendment related back to the original pleading, despite the fact that the plaintiff had information regarding the proper defendant's identity prior to the expiration of the statute of limitations." *Ocasio v. City of Canandaigua*, 344 F.R.D. 158, 170 (W.D.N.Y. 2022) (citing *Krupski*, 560 U.S. at 548-49). Here, HallKeen possessed limited information about the identity of JCI and Tyco early in the case. Nonetheless, it was JCI that likely knew the full nature of HallKeen's error; in particular, the omission of JCI International.

JCI claims support from *Barrow v. Wethersfield Police Department*, in which the Second Circuit held that a plaintiff cannot name a "John Doe" as a defendant and, by later replacing the "John Doe" with a named defendant, circumvent the statute of limitations. 66 F.3d 466, 468 (2d Cir. 1995). *Barrow* disallowed relation back under Rule 15(c) because "the new names were added not to correct a mistake but to correct a lack of knowledge." *Id.* That is not the situation here. Indeed, neither party suggests that HallKeen named JCI merely as a placeholder because it did not know the name of the proper defendant(s). Instead,

HallKeen mistakenly named Tyco as the "d/b/a" of JCI. HallKeen was subsequently informed that Tyco is a separate entity with a common corporate parent, and now seeks to remedy its error by naming both. *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 129 (2d Cir. 2001) (allowing addition of a corporate defendant due to a "mistake").

JCI also contends the motion to amend should be denied because the proposed claims against JCI International are futile. JCI International is allegedly an Irish company and "the surviving entity of a merger of Johnson Controls entities and Tyco Fire Products entities." ECF No. 147-2 at 2 (allegation in proposed Third Amended Complaint). JCI argues the proposed Third Amended Complaint does not demonstrate the Court's personal jurisdiction over JCI International because HallKeen fails to plead any connection between JCI International and Vermont. HallKeen asserts that its claims against JCI International are plausible because JCI International is the successor in liability after the merger with Tyco.

Based on the limited record before it, the Court finds that HallKeen's allegations against JCI International are not futile. When considering futility, the Court applies the same standard that governs a Rule 12(b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Consequently, the Court "must take the allegations of the

complaint as true and draw all reasonable inferences in favor of the plaintiff." *Gallegos v. Brandeis School*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999).

HallKeen alleges a merger that resulted in JCI International becoming a parent corporation. "A successor corporation is liable for the debts of its predecessor where there is a merger or consolidation of the two firms. A merger contemplates the absorption of one corporation by another which retains its name and corporate identity with the added capital, franchises and powers of a merged corporation." *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 838 (S.D.N.Y. 1977) (internal quotation marks omitted); *see also Ayres v. Teleios LS Holdings DE, LLC*, No. 23-CV-1464 (VSB), 2026 WL 450701, at *14 (S.D.N.Y. Feb. 17, 2026) ("Delaware recognizes four exceptions to the general rule against successor liability," including "(2) the transaction amounts to a consolidation or merger of the seller into the purchaser. . . ."). While the Court may be asked to address additional factual questions about successor liability as this case proceeds, it finds that HallKeen's claim against JCI International, as currently pled, is sufficiently plausible to survive JCI's futility challenge.[1] The motion to amend the SAC is therefore granted.

---

[1] JCI also characterizes HallKeen's allegations against JCI International as impermissible "group pleading" because the

## **Conclusion**

For the reasons set forth above, HallKeen's motion to amend (ECF No. 147) is granted.

DATED at Burlington, in the District of Vermont, this 31st day of August 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge

proposed Third Amended Complaint does not allege specific wrongful acts by JCI International itself. ECF No. 152 at 10-11. The Court reads those claims as alleging successor and/or parent liability. *See Nettis v. Levitt*, 241 F.3d 186, 194 (2d Cir. 2001), *overruled on other grounds by Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006). Again, the parties may ask the Court to revisit questions of JCI International's involvement as the case proceeds.